UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY D. MOSELEY,

                Petitioner,

v.                                                  Case No. 18-cv-291-pp

PAUL S. KEMPER,

                Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1) AND REQUIRING THE RESPONDENT TO FILE AN ANSWER OR OTHERWISE RESPOND**

---

On February 2, 2018, Timothy D. Moseley, who is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his March 27, 2013 conviction in Columbia County Circuit Court for one count of second-degree sexual assault of an intoxicated victim and twelve counts of capturing an image of nudity. Dkt. No. 1. He has paid the $5.00 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

I.    **Background**

On November 14, 2012, a jury convicted the petitioner of one count of second-degree sexual assault of an intoxicated victim and twelve counts of capturing an image of nudity. Dkt. No. 1 at 2; State v. Moseley, Case No. 2011CF000412, Columbia County Circuit Court, located at

1

https://wcca.wicourts.gov. The petitioner says that the court entered judgment on March 27, 2013, id. at 1, but the electronic docket shows that the court entered the original judgment on March 5, 2013, and an *amended* judgment on March 27, 2013. State v. Moseley, Case No. 2011CF000412 (Columbia County Circuit Court), located at https://wcca.wiscourts.gov.

After obtaining numerous extensions of time, the petitioner filed a direct appeal on August 31, 2015. Id. The Wisconsin Court of Appeals affirmed the conviction on July 22, 2016. Dkt. No. 1 at 2; State v. Moseley, Case No. 2011CF000412 (Columbia County Circuit Court), located at https://wcca.wiscourts.gov. The Wisconsin Supreme Court denied his petition for review on February 16, 2017. Id. The petitioner filed his federal *habeas* petition on February 23, 2018. Dkt. No. 1.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing §2254 Proceedings provides:

> If it plainly appears form the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to

2

determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court;" or (2) "a decision that was based on an unreasonable application determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner

prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. The Petition

The petitioner alleges three grounds for relief: (1) double jeopardy (arguing that he was prosecuted for a crime for which he had already been convicted in another county); (2) double jeopardy (arguing that he was prosecuted for a crime for which he had been acquitted in another county); and (3) prosecution in violation of the Constitution (arguing that two of the Wisconsin statutes under which he was convicted or sentenced are unconstitutional as applied to him). Dkt. No. 1 at 3-8.

The petitioner's double jeopardy arguments both stem from the charged offenses of capturing an image of nudity. Id. at 5-6. First, he argues that he was prosecuted for capturing a particular image, despite the fact that he'd been convicted in a previous case in another county for possessing two of the same images. Id. at 5. Second, he argues that he was prosecuted for capturing another image, despite the fact that he'd been acquitted in a previous case in another county for possessing the same image. Id. at 6.

The petitioner's third argument is that Wis. Stat. §§942.09(1)(a) (which defines "captures a representation") and 942.09(2)(am) (which prohibits capturing or possessing certain types of images) are unconstitutional as applied to him. Id. at 8. Specifically, he argues that the Wisconsin legislature enacted these statutes prior to the advent of digital photograph technology, and that these particular statutes have failed to keep up with that technology. Id.

4

The petitioner has stated cognizable constitutional claims.

There is some indication that the petitioner may not have filed his federal case within the one-year limitations period. He indicates that the Wisconsin Supreme Court denied his petition for review on February 27, 2017, while the electronic docket for the circuit court indicates that the Supreme Court issued its decision on February 16, 2017, and the electronic docket for the Supreme Court reports that remittitur took place on February 17, 2017; the petitioner filed this case on February 23, 2018. This court does not know, without seeing the Supreme Court's decision, which of these dates is correct, so at this point, the court cannot conclude that the petition is time-barred.

Finally, at this early stage, it appears that the petitioner exhausted all of his remedies for the three claims presented at the state level. So the court cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to relief on the second and third grounds for relief alleged.

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on the claims in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner (Mr. Moseley) has forty-five days after the respondent files his answer to file a brief in support of his petition;

(2) the respondent (Warden Kemper) has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent (Warden Kemper) files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner (Mr. Moseley) then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties shall submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages and reply briefs may not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The Department of Justice will provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 27th day of June, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**