UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY D MOSELEY,

          Petitioner,

v.                                          Case No. 18-cv-0291-bhl

PAUL S KEMPER,

          Respondent.

## ORDER DENYING §2254 HABEAS PETITION

      In late-August 2009, Petitioner Timothy D. Moseley and a woman known as M.K. attended a birthday celebration for M.K.'s grandfather in Columbus, Wisconsin. (ECF No. 18 at 12.) They spent the night in a Super 8 Motel where Moseley sexually assaulted M.K. and took photos of her naked body without her consent. (*Id.*) Milwaukee County prosecutors charged Moseley under Wis. Stat. Section 942.09(2)(am)(3) for possessing three of those photos, captured in violation of Wis. Stat. Section 942.09(2)(am)(1). (*Id.* at 13.) Mosely was convicted on at least two counts. (*See* ECF No. 7-4 at 2 n.3 (noting a discrepancy as to the extent of Moseley's conviction)). A couple of years later, Moseley was convicted in Columbia County for capturing the three photos that formed the basis of his possession conviction in Milwaukee County. (ECF No. 22 at 3.) He appealed, arguing the Columbia County prosecution violated the Double Jeopardy Clause of the United States Constitution. (*Id.* at 4-5.) The Wisconsin Court of Appeals affirmed the conviction, and the Wisconsin Supreme Court denied Moseley's petition for review. (*Id.* at 5.) In a habeas petition filed with this Court, Moseley argues his Columbia County conviction should be overturned. (ECF No. 1.) Because the record does not support this contention, the petition will be denied.

## LEGAL STANDARD

      To obtain federal habeas relief, Moseley must prove that his state court custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). To carry this burden, he must show that the Wisconsin courts rejected his claims "in a decision that

was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. §2254(d)(1), or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2). In addition, he must show that the constitutional errors he identifies caused his conviction. *Engle v. Isaac*, 456 U.S. 107, 134-35 (1982).

## ANALYSIS

Moseley's petition identifies three grounds for relief: (1) two of his Columbia County convictions constitute double jeopardy because he had already been convicted of those crimes in Milwaukee County; (2) one of his convictions in Columbia County constitutes double jeopardy because he had already been acquitted of that crime in Milwaukee County; and (3) Wis. Stat. Sections 942.09(1)(a) and (2)(am) are unconstitutional as applied to him. (ECF No. 1.) Moseley also raises two additional grounds for relief in his opening brief: (1) his prosecution in Columbia County constitutes a successive prosecution in violation of double jeopardy; and (2) his second-degree sexual assault conviction violates double jeopardy because he had already been sentenced for that offense in Milwaukee County.[1] Only the first two double jeopardy claims are properly before the Court, and because neither entitles Moseley to relief, his petition will be denied.

**I.    The Wisconsin Court of Appeals' Decision Did Not Violate the Constitution or Law of the United States.**

A federal habeas court reviews "the decision of the last state court to rule on the merits of the petitioner's claim." *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006) (citation omitted). In this case, that was the Wisconsin Court of Appeals. Accordingly, to resolve Moseley's petition, this Court must review that court's decision, applying Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) deference, unless the decision was contrary to federal law. *Mosley v. Atchison*, 689 F.3d 838, 844 (7th Cir. 2012).

Moseley first argues that the Wisconsin Court of Appeals' decision was contrary to clearly established federal law because it failed to apply the double jeopardy test announced in *Grady v. Corbin*, 495 U.S. 508 (1990). That test, however, is no longer good law. *See United States v. Dixon*, 509 U.S. 688 (1993) (overruling *Grady*). The applicable test in this instance is the one

---

[1] These arguments are "waived for not having been raised in the habeas petition." *Johnson v. Hulett*, 574 F.3d 428, 433 (7th Cir. 2009).

articulated in *Blockburger v. United States*, 284 U.S. 299 (1932).  And while the court of appeals did not cite to *Blockburger* directly, it based its decision on *State v. Ziegler*, 816 N.W.2d 238 (Wis. 2012), which, itself, applied *Blockburger*'s "well-established two-pronged methodology."  (ECF No. 7-4 at 3; *Ziegler*, 816 N.W.2d at 253.)  There is, therefore, nothing to indicate the state court applied "a rule different from the governing law set forth in [the Supreme Court's] cases."  *Bell v. Cone*, 535 U.S. 685, 694 (2002).  The only other way the decision could be contrary to federal law would be for it to reach a different conclusion than a Supreme Court case based on materially indistinguishable facts.  *Brown v. Payton*, 544 U.S. 133, 141 (2005).  Moseley has identified no such case, and this Court is not aware of one.

Moseley next argues that the Wisconsin Court of Appeals unreasonably applied federal law because it upheld his Columbia County convictions even though those convictions were predicated on crimes identical in law to those he had already been convicted or acquitted of in Milwaukee County.  In fact, the court of appeals never addressed that question.  It held, instead, that because "[t]he facts underlying the two sets of convictions [were] not the same," it did not need to "engage in a full double jeopardy analysis."  (ECF No. 7-4 at 3.)  Under *Blockburger*, if two offenses are not identical in law *and* fact, then conviction of both offenses does not implicate double jeopardy.  *See Blockburger*, 284 U.S. at 304.  Having determined that capturing images on a camera and possessing images on a personal computer were not factually identical offenses, the court of appeals properly concluded that Moseley had not alleged a violation of double jeopardy.  (ECF No. 7-4 at 3.)

Moseley's final argument is that the Wisconsin Court of Appeals' decision was based on an unreasonable determination of facts.  Specifically, he argues that the court of appeals erroneously determined that he captured the lurid photographs of M.K. and transferred them to his personal computer on different dates.  (ECF No. 18 at 25-27.)  First, the court of appeals said nothing about the dates on which the offenses occurred.  (*See generally* ECF No. 7-4.)  Even if it had, this would be of no use to Moseley.  The determinative question was not how much time passed between the acts but whether those acts were factually and/or legally distinct.  It made no difference whether it took him two minutes or two months to transfer the photographs to his personal computer.  So even if the state court had made the alleged unreasonable factual determination, that determination would not have caused Moseley's conviction.  *See Engle*, 456 U.S. at 134-35.

## II. Moseley's Other Constitutional Claims Are Procedurally Defaulted.

A habeas claim is "procedurally defaulted—and barred from federal review—if the last state court that rendered judgment 'clearly and expressly' state[d] that its judgment rest[ed] on a state procedural bar." *Lee v. Foster*, 750 F.3d 687, 693 (7th Cir. 2014) (quoting *Harris v. Reed*, 489 U.S. 255, 263 (1989)). This bar only ousts a federal habeas claim where the state law ground is "independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). When a state court's decision does not even reach the merits of a constitutional claim, that decision is independent for procedural default purposes. *See Stewart v. Smith*, 536 U.S. 856, 860-61 (2002). And "[a] state law ground is adequate 'when it is a firmly established and regularly followed state practice at the time it is applied.'" *Lee*, 750 F.3d at 693 (quoting *Thompkins v. Pfister*, 698 F.3d 976, 986 (7th Cir. 2012)).

Here, the Wisconsin Court of Appeals refused to entertain Moseley's challenges to the constitutionality of Wis. Stat. Sections 942.09(1)(a) and (2)(am) because of their "undeveloped nature." (ECF No. 7-4 at 2 n.2.) The court cited to *State v. Pettit*, 492 N.W.2d 633, 642 (Wis. Ct. App. 1992), which recognized that Wisconsin procedural rules allow appellate courts to decline review of issues inadequately briefed. The Seventh Circuit has previously recognized this rule as an independent and adequate state law ground that bars habeas relief. *See Kerr v. Thurmer*, 639 F.3d 315, 323 (7th Cir. 2011), *vacated on other grounds*, 566 U.S. 901 (2012). The same applies here.[2]

Because Moseley's other constitutional challenges are procedurally barred, this Court may only consider them if he demonstrates cause for default and prejudice resulting therefrom or shows that failure to entertain his claims would amount to a miscarriage of justice. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). He has not even attempted to do so. Therefore, these claims are irretrievably barred.

---

[2] Even if the Wisconsin Court of Appeals decision did not rest on an independent and adequate state law ground, Moseley's claim would still fail because he failed to include it in his petition to the Wisconsin Supreme Court. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner's §2254 motion for relief, ECF No. 1, is **DENIED**, and the case is **dismissed**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE** because the Court does not find that any reasonable jurist could debate the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Milwaukee, Wisconsin on May 18, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge